IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David D. Wines, ) | C/A No. 0:20-cv-1099-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| LPL Financial, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(D.S.C.) (the "Report"). [ECF No. 62.]

Plaintiff David D. Wines ("Plaintiff"), proceeding *pro se*, filed this employment discrimination case *in forma pauperis* pursuant to 28 U.S.C. § 1915 against Defendants LPL Financial and Carowinds. [ECF Nos. 1, 11.] Defendant Carowinds was dismissed by stipulation on July 15, 2020, leaving only Defendant LPL Financial. [ECF No. 37.] The issue currently before this court is whether the court should dismiss the matter without prejudice pursuant to Rule 4(m), FRCP for Plaintiff's failure to timely serve Defendant LPL Financial or otherwise indicate a reason to excuse his failure to timely serve.

The Report accurately outlines the procedural history and the applicable law, and the court sees no reason to repeat it here. Having applied the applicable law to the facts of this case, the Report recommends dismissal without prejudice. [ECF No. 62.] Attached to the Report is the notice of right to file objections. *Id.* at p.5. On March 23, 2021, Plaintiff filed two letters. [ECF Nos. 65, 66.] Given that the timing of letters coincides with the deadline for objections, this court construes the letters as Plaintiff's objections to the Report.

1

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted).  A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities."  *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019).  It must "direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

The court thoroughly reviewed Plaintiff's filings and was unable to identify a single *specific* objection to the Report.  Plaintiff fails to identify a finding or recommendation in the Report with which he disagrees.  He fails to identify an alleged error in the Report.  And his complaints do not enable the court to "focus [its] attention" on the issue before this court—timely service of process. Plaintiff appears to object to the jury system and the federal court system as a whole, but fails to

identify any reason why he failed to timely serve the defendant in his case. Without any specific objections for this court to consider, it reviews the Report for clear error. Finding none, the court adopts the Report.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court **ADOPTS** the Report [ECF No. 62] in its entirety and incorporates the same herein by reference. Therefore, this matter is **DISMISSED** *without prejudice* pursuant to Rule 4(m), FRCP because Plaintiff fails to indicate that he timely served the only remaining defendant.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 30, 2021
Florence, South Carolina

3